**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43935**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 584** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 29, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **BRANDON LEE STERLING,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and unified sentence of thirteen years, with a minimum period of confinement of three years, for possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

Brandon Lee Sterling pled guilty to possession of a controlled substance with intent to deliver. I.C. § 37-2732(a). In exchange for his guilty plea, additional charges were dismissed. Both Sterling and the state requested that the district court sentence Sterling to a unified term of thirteen years, with a minimum period of confinement of three years. The district court imposed the stipulated sentence. Sterling appeals.

1

Mindful that Sterling received the sentence he asked for, Sterling asserts that his sentence is excessive. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Sterling received the sentence he requested, Sterling may not complain that the district court abused its discretion. Accordingly, Sterling's judgment of conviction and sentence is affirmed.